In the Matter of EMBRACE SYSTEMS CORPORATION, Debtor.

**Bankruptcy No. GG94–84766.**

United States Bankruptcy Court,
W.D. Michigan.

Nov. 9, 1994.

Curtis Appel, for Embrace Systems Corp., debtor.

Douglas A. Dozeman and Shaun M. Murphy, for Biaz–Fiberfilm Corp., creditor.

## *OPINION DENYING APPROVAL OF STIPULATION FOR RELIEF FROM AUTOMATIC STAY WITHOUT PREJUDICE*

JAMES D. GREGG, Bankruptcy Judge.

The issue before the court is whether an order should be entered which approves a Stipulation For Relief From The Automatic Stay which was submitted by the attorneys for the Debtor and the Creditor without notice to other parties in interest.[1] For the

1. The court has determined to prepare and release this opinion because of the frequency with

which parties, and their attorneys, in chapter 11 cases are either unaware of, or ignore, requisite

reasons stated, the court declines to approve the stipulation.

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A), (G) and (O). The court has the authority to enter a final order in this matter in accordance with 28 U.S.C. § 157(c)(2).

On October 21, 1994, the Debtor filed its voluntary petition under chapter 11 of the Bankruptcy Code.[2] On November 8, 1994, the Debtor and the Creditor filed a Stipulation For Relief From The Automatic Stay. In that stipulation, the parties agreed that the Creditor

> shall be granted relief from the automatic stay to exercise any rights and remedies it may have under federal law to protect its patent, and to seek possession of any items that are found to infringe [the Creditor's] patent.

It was further agreed that

> [r]elief from the automatic stay shall be effective immediately for all purposes, subject to [the Debtor] being permitted by [the United States Court for the Western District of Michigan, Case No. 1:94–CV–697] an [sic] one-week extension to November 11, 1994, to file its response to [the Creditor's] motion for preliminary injunction.

■ The stipulation itself does not contain the original signatures by either the Debtor's or the Creditor's attorney. However, such omission is correctable because the rule provides "[i]f a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required." FED. R.BANKR.P. 9011. The parties' attorneys may therefore add their original signatures to the stipulation, or file a new stipulation, in the near future.

More important, and procedurally fatal, is the parties' failure to give notice, and an opportunity to be heard, to other parties in interest regarding the stipulation.

To obtain

> approval of an agreement ... to modify or terminate the stay provided for in § 362 ... [a motion] shall be served on any committee ... appointed pursuant to § 1102 of the [Bankruptcy] Code or its authorized agent, or, if the case is ... a chapter 11 reorganization case and no committee of unsecured creditors has been appointed pursuant to § 1102, on the creditors included on the list filed pursuant to Rule 1007(d), and on such other entities as the court may direct.

FED.R.BANKR.P. 4001(d)(1).

> Notice of the motion and the time within which objections may be filed and served on the debtor in possession or trustee shall ·be mailed to the parties [who are entitled to notice and].·... [u]nless the court fixes a different time, objections may be filed within 15 days of the mailing of notice.

FED.R.BANKR.P. 4001(d)(2). The court may enter an order that approves the relief from stay agreement without conducting a hearing, if no objection is filed. FED.R.BANKR.P. 4001(d)(3). However, if an objection is filed or if the court decides it is appropriate to conduct a hearing,

> the court shall hold a hearing on no less than five days' notice to the objector, the movant, the parties on whom service is required ... and such other entities as the court may direct.

*Id.*

■ In this chapter 11 case, the court has reviewed its file. The court takes judicial notice that, to date, no creditors' committee has been appointed. FED.R.EVID. 201. Because there exists no creditors' committee (and therefore no attorney has been appointed to represent such a committee), to approve the relief from stay stipulation, a motion to approve the stipulation must be filed, and notice given to the creditors that hold the 20 largest unsecured claims, pursuant to

procedures regarding approval of relief from stay stipulations.

**2.** Unless stated to the contrary, all future statutory references are to title 11 of the United States Code, 11 U.S.C. §§ 101–1330, sometimes referred to as the "Bankruptcy Code".

the list filed under Bankruptcy Rule 1007(d). It should be noted that the current stipulation, and the proposed order, does not provide that notice shall be given, after the fact, with an opportunity to interested parties to object, as is authorized under § 102(1) of the Bankruptcy Code. Under these circumstances, if the court now signed the proposed order, due process would be lacking. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

An order shall be entered that denies approval of the parties' Stipulation For Relief From The Automatic Stay. The order shall be without prejudice to the parties, or either one of them, to file a stipulation which contains original signatures together with a motion for approval of the stipulation in accordance with Bankruptcy Rule 4001(d).